IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06- 89-UNA |
| GLENNY COLEMAN, III, a/k/a EUGENE J. ADAMS, | : |
| Defendant. | : |

REDACTED

FILED
AUG 29 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT ONE

1. From in or around January 2005, through on or about January 5, 2006, in the District of Delaware, Glenny Coleman, III, a/k/a Eugene Adams, the defendant, and D.G., a previously indicted co-conspirator known to the grand jury, and others known and unknown to the grand jury, did knowingly conspire with each other to utter counterfeited securities of organizations with intent to deceive other organizations, in violation of Title 18, United States Code, Section 513(a), and in furtherance of the conspiracy, the defendant committed the following overt acts:

    a. on or about January 5, 2006, Glenny Coleman, III, the defendant, supplied D.G. with four counterfeit commercial checks;

    b. on or about January 5, 2006, D.G. gave the four counterfeit commercial checks to D.W., a person known to the grand jury, after D.W. agreed to cash the checks and give a percentage of the proceeds back to D.G.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

2.    On or about January 7, 2005, in the State and District of Delaware, Glenny Coleman, III, the defendant, willfully, knowingly, and with the intent to deceive CitiFinancial, Inc., and for the purpose of obtaining a loan, falsely represented that a Social Security number was the Social Security number assigned to him by the Commissioner of Social Security, when, in fact, that number had been assigned to N.L. and was not the Social Security number assigned to the defendant, in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT THREE

3.    On or about January 7, 2005, in the State and District of Delaware, Glenny Coleman, III, the defendant, did knowingly use, without lawful authority, a means of identification of another person, specifically, the Social Security number of N.L., with the intent to commit an unlawful activity that constitutes a felony violation of State law, i.e., theft by false pretenses in violation of Title 11, Delaware Code, Section 840, all in violation of Title 18, United States Code, Section 1028(a)(7).

## COUNT FOUR

*Introduction*

4.    At all times relevant to this Indictment, Univest National Bank & Trust Company was a federally insured financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation or FDIC.

*Scheme to Defraud*

5.    In or around April 2005, the defendant applied for a loan to purchase a 2002

Cadillac Escalade. In applying for the loan, the defendant represented that his name was Eugene Adams and gave a false Social Security number, a false address and false employment information.

6. Based on the application containing the false information, on or about April 16, 2005, Univest National Bank & Trust Company granted the defendant a loan in the amount of $38,339.

*Charging Paragraph*

7. In or around April 2005, in the Eastern District of Pennsylvania, Glenny Coleman, III, a/k/a Eugene J. Adams, the defendant, did knowingly execute and attempt to execute a scheme and artifice to defraud Univest National Bank & Trust Company, a federally insured financial institution, as described more fully in paragraphs 4 through 6 above, incorporated herein by reference, and in execution of the scheme, on or about April 8, 2005, the defendant filled out a loan application using false identity information, all in violation of Title 18, United States Code, Section 1344.

## COUNT FIVE

8. In or around April 2005, in the State and District of Delaware and elsewhere, Glenny Coleman, III, the defendant, did knowingly use, without lawful authority, a means of identification of N.L. during and in relation to a violation of the bank fraud statute, 18 U.S.C. § 1344, as described in paragraphs 4 through 7 above, incorporated herein by reference, all in violation of Title 18, United States Code, Section 1028A.

## COUNT SIX

9. In or around September 2005, in the State and District of Delaware, Glenny

Coleman, III, the defendant, willfully, knowingly, and with the intent to deceive GMAC Financial Services, and for the purpose of leasing a 2006 Cadillac Escalade valued at $58,260, falsely represented that a Social Security number was the Social Security number assigned to him by the Commissioner of Social Security, when, in fact, that number had been assigned to E.W. and was not the Social Security number assigned to the defendant, in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT SEVEN

10.     In or around September 2005, in the State and District of Delaware, Glenny Coleman, III, the defendant, did knowingly use, without lawful authority, a means of identification of another person, specifically, the name and Social Security number of E.W., with the intent to commit an unlawful activity that constitutes a felony violation of State law, i.e. theft by false pretenses in violation of Title 11, Delaware Code, Section 840, all in violation of Title 18, United States Code, Section 1028(a)(7).

## COUNT EIGHT

11.     On or about October 12, 2005, in the State and District of Delaware, Glenny Coleman, III, the defendant, willfully, knowingly, and with the intent to deceive Beneficial Corporation, and for the purpose of obtaining a loan, falsely represented that a Social Security number was the Social Security number assigned to him by the Commissioner of Social Security, when, in fact, that number had been assigned to V.D. and was not the Social Security number assigned to the defendant, in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT NINE

12.     On or about October 12, 2005, in the State and District of Delaware, Glenny

4

Coleman, III, the defendant, did knowingly use, without lawful authority, a means of identification of another person, specifically, the name and Social Security number of V.D., with the intent to commit an unlawful activity that constitutes a felony violation of State law, i.e. theft by false pretenses in violation of Title 11, Delaware Code, Section 840, all in violation of Title 18, United States Code, Section 1028(a)(7).

### COUNT TEN

13. On or about October 31, 2005, in the State and District of Delaware, Glenny Coleman, III, the defendant, willfully, knowingly, and with the intent to deceive CitiFinancial, Inc., and for the purpose of obtaining a loan, falsely represented that a Social Security number was the Social Security number assigned to him by the Commissioner of Social Security, when, in fact, that number had been assigned to V.D. and was not the Social Security number assigned to the defendant, in violation of Title 42, United States Code, Section 408(a)(7)(B).

### COUNT ELEVEN

14. On or about October 31, 2005, in the State and District of Delaware, Glenny Coleman, III, the defendant, did knowingly use, without lawful authority, a means of identification of another person, specifically, the name and Social Security number of V.D., with the intent to commit an unlawful activity that constitutes a felony violation of State law, i.e. theft by false pretenses in violation of Title 11, Delaware Code, Section 840, all in violation of Title 18, United States Code, Section 1028(a)(7).

### COUNT TWELVE

*Introduction*

15. At all times relevant to this Indictment, Wells Fargo Bank was a federally insured

financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation or FDIC.

### *Scheme to Defraud*

16. In or around the Fall of 2005, Wells Fargo Bank sent a credit offer to Genesis Investors Group in Cinnaminson, New Jersey. Genesis Investors Group was a fictitious company that had been set up by Glenny Coleman, III, the defendant.

17. In or around November 2005, Glenny Coleman, using the name and Social Security number of J.F. and the company name Genesis Investors Group, responded to the credit offer by applying for a $30,000 line of credit with Wells Fargo Bank.

18. Based on the application containing the false identity information, Wells Fargo Bank approved a $30,000 line of credit for J.F. of Genesis Investors Group.

19. On or about January 17, 2006, a $15,000 check was written off the line of credit. On or about January 18, 2006, the $15,000 check was deposited into a bank account in Delaware held by T.F., an unindicted co-conspirator known to the grand jury and a person with whom the defendant had a close relationship. Within the next month, the money was withdrawn from T.F.'s account.

### *Charging Paragraph*

20. From in or around November 2005 through in or around February 2006, in the District of Delaware and elsewhere, Glenny Coleman, III, defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud Wells Fargo Bank, a federally insured financial institution, as described more fully in paragraphs 15 through 19 above, incorporated herein by reference, and in execution of the scheme, on or about January 17, 2006,

the defendant wrote a $15,000 check off a Wells Fargo Bank line of credit, all in violation of Title 18, United States Code, Section 1344.

## COUNT THIRTEEN

21. From in or around November 2005, through in or around January 2006, in the State and District of Delaware, Glenny Coleman, III, the defendant, did knowingly use, without lawful authority, a means of identification of J.F. during and in relation to a violation of the bank fraud statute, 18 U.S.C. § 1344, as described in paragraphs 15 through 20 above, incorporated herein by reference, all in violation of Title 18, United States Code, Section 1028A.

## COUNT FOURTEEN

*Scheme and Artifice to Defraud*

22. In or around February 2006, Glenny Coleman, III, the defendant, using the identity of M.F., contacted Aggressive Mortgage in Maryland and inquired about obtaining a mortgage for a residential property in Delaware.

23. Sometime later in February 2006, Glenny Coleman, III, the defendant, using the identity of M.F., went to Aggressive Mortgage and filled out a mortgage loan application. In connection with the application, the defendant submitted, *inter alia*, false identity information and false employment information.

24. Based on the information he had submitted, Aggressive Mortgage pre-qualified the defendant, as M.F., for a $399,900 mortgage.

25. In or around March 2006, the defendant, using the identity of M.F., met with a real estate agent in Delaware and viewed three residential properties that were listed for sale. On or about March 8, 2006, at the office of the real estate agent in Delaware, the defendant, using the

identity of M.F., signed an agreement of sale to purchase a residential property for $399,900 and provided a deposit for the property. During that same meeting, Aggressive Mortgage sent via facsimile to the real estate agent's office a letter stating that the defendant, as M.F., had been approved for a purchase loan in the amount of $399,900.

26.    The seller of the property accepted the offer and took the property off the market.

*Charging Paragraph*

27.    On or about March 8, 2006, in the State and District of Delaware, having devised and intending to devise a scheme and artifice to defraud, as described in paragraphs 22 through 26 above, incorporated herein by reference, and for the purpose of executing such scheme and artifice to defraud, Glenny Coleman, III, the defendant, did knowingly cause to be transmitted by means of wire in interstate commerce a facsimile from the offices of Aggressive Mortgage in Maryland to the offices of ReMAX Metrostar in Delaware, all in violation of Title 18, United States Code, Section 1343.

## COUNT FIFTEEN

28.    From in or around February 2006, through in or around March 2006, in the State and District of Delaware, Glenny Coleman, III, the defendant, did knowingly use, without lawful authority, a means of identification of M.F. during and in relation to a violation of the

/    /    /    /

wire fraud statute, 18 U.S.C. § 1343, as described in paragraphs 22 through 27 above, incorporated herein by reference, all in violation of Title 18, United States Code, Section 1028A.

A TRUE BILL:

_____
Foreperson

COLM F. CONNOLLY
United States Attorney

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney

Dated: August 10, 2006



9