IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,                    : | |
|                                              : | |
| Plaintiff,                                   : | |
|                                              : | |
| v.                                           : | Criminal Action No. 06-89-KAJ |
|                                              : | |
| GLENNY COLEMAN, III, a/k/a                   : | |
| EUGENE J. ADAMS,                             : | |
|                                              : | |
| Defendant.                                   : | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Glenny Coleman, III, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant, Glenny Coleman, III, agrees to plead guilty to Counts 1, 4, 7, 10, 13, and 14 of the Indictment. Count One charges the defendant with conspiring to utter counterfeited securities in violation of 18 U.S.C. § 513(a), all in violation of 18 U.S.C. § 371. The maximum penalties for this offense are 5 years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment. Count Four charges the defendant with bank fraud in violation of 18 U.S.C. § 1344. The maximum penalties for this offense are 30 years imprisonment, 5 years supervised release, a $1,000,000 fine and a $100 special assessment. Count Seven charges the defendant with identity theft in violation of 18 U.S.C. § 1028(a)(7).

The maximum penalties for this offense are 15 years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment. Count Ten charges the defendant with fraudulent use of a Social Security number in violation of 42 U.S.C. § 408(a)(7)(B). The maximum penalties for this offense are 5 years imprisonment, 3 years supervised release, a $250,000 fine, and a $100 special assessment. Count Thirteen charges the defendant with aggravated identity theft in violation of 18 U.S.C. § 1028A. The penalties for this offense are a mandatory minimum two years imprisonment which must be imposed consecutive to any other term of imprisonment imposed, a $250,000 fine, 1 year of supervised release, and a $100 special assessment. Count Fourteen charges the defendant with wire fraud in violation of 18 U.S.C. § 1343. The maximum penalties for this offense are 20 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

    2.       The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to the following counts of the Indictment:

        (a) Count One, conspiracy to utter counterfeited securities: (i) that two or more persons agreed to commit the crime of uttering counterfeited securities in violation of 18 U.S.C. § 513(a); (ii) that the defendant knowingly and voluntarily joined the conspiracy; and (iii) that a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy;

        (b) Count Four, bank fraud: (i) that on or about the dates set forth in the Indictment, there was a scheme to defraud a bank; (ii) that the defendant executed the scheme with the intent to defraud the bank; and (iii) that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation or FDIC;

(c) Count Seven, identity theft: (i) that the defendant knowingly used, without lawful authority, a means of identification of another person; (ii) that the defendant so acted with the intent to commit an unlawful activity that constitutes a violation of Federal law or a felony violation of State law; and (iii) that the defendant's use was in or affected interstate commerce;

(d) Count Ten, fraudulent use of a Social Security number: (i) that the defendant knowingly represented to someone that the Social Security number described in the Indictment had been assigned to him by the Commissioner of Social Security; (ii) that such Social Security number, in fact, had not been assigned at that time to the defendant by the Commissioner of Social Security; and (iii) that the defendant made such representation willfully, and with the intent to deceive, for the purpose alleged in the indictment;

(e) Count Thirteen, aggravated identity theft: (i) the defendant knowingly used, without lawful authority, a means of identification of another person; and (ii) the defendant used the means of identification of another person during and in relation to bank fraud; and

(f) Count Fourteen, wire fraud: (i) the defendant knowingly devised a scheme or artifice to defraud; (ii) the defendant did so with the intent to defraud; and (iii) in advancing, or furthering, or carrying out this scheme to defraud, the defendant caused the transmission of any writing, signal or sound of some kind by means of a wire in interstate commerce.

3. The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) from in or around January 2005, through on or about January 5, 2006, the defendant and Dolena Grayson ran a counterfeit check scheme in which they supplied counterfeit checks to others who passed the counterfeit checks. In addition to supplying the counterfeit checks, the defendant and Dolena Grayson also supplied false identification to the people who passed the

counterfeit checks. The defendant received a portion of each counterfeit check that was passed ; (b) in or around April 2005, the defendant, with Lisa Reed, and using the name Eugene Adams and a Social Security number assigned to N.L., applied for a loan from Univest National Bank & Trust, a federally insured financial institution, in order to purchase a 2002 Cadillac Escalade. Based on the false information, the defendant received a $38,339 car loan from Univest National Bank & Trust; (c) in September 2005, using the name and Social Security number of E.W., the defendant leased a 2006 Cadillac Escalade from Delaware Cadillac through GMAC Financial Services; (d) from at least October 2005, through at least the end of December 2005, the defendant, with Lisa Reed, used the name and Social Security number of V.D. to obtain loans from CitiFinancial, Inc., Beneficial Corporation, and American Honda Finance Corporation and to receive a credit card from Macy's; (e) in or around November 2005, using a name and Social Security number assigned to J.F., the defendant applied for, and was approved for a $30,000 line of credit from Wells Fargo Bank, a federally insured financial institution. On or about January 17, 2006, the defendant wrote a $15,000 check off the line of credit and had Teresa M. Flood deposit the check into a bank account held by Teresa M. Flood in the name Agape Ventures; and (f) in or around February 2006, the defendant, using the name Michael Fuller and a Social Security number assigned to J.H., applied for, and was pre-approved for a $399,900 mortgage. In or around March 2006, the defendant went with Teresa M. Flood to look at three residential properties. The defendant, as Michael Fuller, and Teresa M. Flood chose a property valued at $399,900 to purchase. On or about March 8, 2006, the defendant, with Lisa Reed, and still using the name Michael Fuller and the Social Security number assigned to J.H., signed an agreement of sale to purchase the previously selected property. So that the sale could go forward, during the

meeting, the defendant had the mortgage company in Maryland send, via facsimile, to the real estate company in Delaware, a letter stating that the defendant had been pre-approved for a purchase loan in the amount of $399,900.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The parties hereby agree and stipulate that, including relevant conduct pursuant to U.S.S.G. § 1B1.3, the loss intended by the defendant was greater than $400,000 but less than $1,000,000. The defendant further understands that the Government likely will recommend that the Court calculate the appropriate sentence under the sentencing guidelines and impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

5. The defendant agrees to pay the $600 for special assessments at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States agrees to move for a three level reduction under U.S.S.G. § 3E1.1(b) based on the defendant's conduct to date.

7. At the time of sentencing, the United States agrees to move to dismiss Counts 2,

3, 5, 6, 8, 9, 11, 12, and 15 of the Indictment returned against this defendant on August 10, 2006.

8.    The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

9.    The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

10.    The defendant agrees to forfeit all interests in any fraud related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for

property that constitutes the proceeds of his offenses.

11. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

    COLM F. CONNOLLY
    United States Attorney

_____  BY: _____
Glenny Coleman, III             Beth Moskow-Schnoll
Defendant                       Assistant United States Attorney

_____
Eleni Kousoulis
Attorney for Defendant

Dated:

**AND NOW**, this ___ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE KENT A. JORDAN
United States District Court Judge